

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
SHANGHAI
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY

FIRM and AFFILIATE OFFICES

ERIC W. RUDEN
DIRECT DIAL: +1 212 471 1893
PERSONAL FAX: +1 212 202 5077
E-MAIL: ERuden@duanemorris.com

www.duanemorris.com

ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE OF DUANE MORRIS*

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO
SRI LANKA
ALLIANCE WITH
GOWERS INTERNATIONAL

March 6, 2017

VIA ECF

Magistrate Judge Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    **Chwalinski and Chwalinska v. Petro Realty Co., LLC, Antonios Feggoudakis Management, LLC and Antonios Feggoudakis, Docket No. 15-cv-4815**

Dear Judge Bloom:

    We represent Defendants Petro Realty Co., LLC ("Petro Realty"), Antonios Feggoudakis Management, LLC ("Feggoudakis Management") and Antonios Feggoudakis ("Feggoudakis") (collectively "Defendants") in the above-referenced matter. The parties jointly submit this letter seeking the Court's approval of the proposed settlement agreement in this matter, attached as Exhibit A.

    In *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sep. 19, 2013), Your Honor stated courts reviewing a Fair Labor Standards Act ("FLSA") settlement "must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employee's overreaching." "In making this determination, the Court takes into account the (1) complexity, expense, and likely duration of the litigation, (2) stage of the proceedings, (3) risks of establishing liability, (4) risks of establishing damages, (5) ability of defendants to withstand a larger judgement, and (6) reasonableness in light of best possible recovery and all risks of litigation." *Id.* Courts will approve a proposed settlement where the settlement is a result of "arm's length negotiations, which were undertaken in good faith by counsel." *Id.*

    In this action, Plaintiffs Marcin Chwalinski ("Chwalinski") and Barbara Chwalinska ("Chwalinska") (collectively "Plaintiffs") bring claims against Defendants for violation of the New York Labor Law ("NYLL"), violation of the Fair Labor Standards Act ("FLSA") and

DUANE MORRIS LLP

1540 BROADWAY    NEW YORK, NY 10036-4086        PHONE: +1 212 692 1000   FAX: +1 212 692 1020

DuaneMorris

Magistrate Judge Lois Bloom
March 6, 2017
Page 2

quantum meruit based on Plaintiffs' allegations that they are owed unpaid wages and overtime from Defendants. Chwalinski additionally alleges breach of contract based on his claims for unpaid wages and overtime. Shortly before resolution of this matter, Plaintiffs amended their complaint to add claims for violation of the Wage Theft Prevention Act, violation of Section 27-2054 of the New York City Administrative Code, and violation of the New York Multiple Dwelling Law.

Defendants strongly dispute that Chwalinska was ever their employee. Regarding Chwalinski, Defendants' position is that Chwalinski was properly paid as a building superintendent in accordance with the New York Labor Law's Minimum Wage Order for the building service industry. Defendants additionally strongly dispute Chwalinski's claim that he worked at least 66 hours per week. Defendants also dispute whether the FLSA is applicable to Chwalinski's claim because Defendants' contention is that Chwalinski was the sole employee of Petro Realty.

The parties commenced settlement negotiations in December 2015. In settlement negotiations, Plaintiffs provided Defendants with a damages calculation that calculated Plaintiffs' damages as $98,568.17. Defendants provided Plaintiffs with their own damages calculation assuming Plaintiffs could prevail on all their claims which calculated Plaintiffs' maximum damages at $36,732.73 if Chwalinski's FLSA claims are subject to a two-year statute of limitations or $46,183.34 if Chwalinski's claims are subject to a three-year statute of limitations.

The proposed settlement agreement provides Plaintiffs with $50,000, which exceeds Defendants' maximum damages analysis but is lower than Plaintiffs' maximum damages analysis. The early settlement in this case allows the parties to avoid the burden and expense of litigation, while providing Plaintiffs substantial relief for their allegations. Plaintiffs and Defendants were both diligently represented by counsel who engaged in back and forth negotiations, assisted by Your Honor at a settlement conference held on November 18, 2016 and in further telephone status conferences on December 2, 2016, December 15, 2016, December 23, 2016, and January 5, 2017. Defendants have no history of FLSA non-compliance weighing against approval of the proposed settlement.

The proposed settlement agreement provides Plaintiffs' counsel with $17,893.03 of the $50,000 settlement for attorneys' fees and costs. In considering approval of an FLSA settlement, "[t]he court must also separately assess the reasonableness of plaintiffs' attorney fees, even when the fee is negotiated as part of a settlement agreement rather than judicially determined." *Lliguichuzhca v. Cinema 60 LLC*, 948 F.Supp.2d 362, 366 (S.D.N.Y. 2013) (collecting cases). The purpose of the separate assessment is to make sure that "the interests of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief [counsel] procured for clients." *Wolinsky v. Scholastic Inc.,* 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012). But while the court must approve an award of attorneys' fees and costs in a settlement of FLSA claims, the "FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees

DuaneMorris

in settling ***an individual action.***" *Misiewicz v. D'Onofrio General Contractors Corp.*, 2010 WL 2545439 at *5 (E.D.N.Y. May 17, 2010) (emphasis supplied). R&R adopted in *Misiewicz v.D'Onofrio General Contractors Corp.*, 2010 WL 2545472 (E.D.N.Y. June 18, 2010). Indeed, the "Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee" than the actual settlement itself because it is not the responsibility of the Court to ensure that the employer is protected from overpaying an employee's attorneys' fees and costs." *Id.* In the context of settling FLSA claims, courts should refrain from "disapprov[ing] a settlement on the amount of attorney's fees, since both parties assumingly ha[d] knowledge of how attorney's fees are calculated in this district and were negotiating at arm's length." *Id. See also Wolinsky, supra,* at 335-36.

At bar, following discussions on the subject with the Court at conferences, Plaintiffs' counsel is seeking reimbursement for costs and one third of the net amount after costs, or $1,839.55 and $16,053.48, respectively, making a total of $17,893.03. The one third contingency fee is much less than the lodestar invoice that would be submitted for the work performed (excluding, of course, the time spent addressing this Court's order to show cause and costs associated with it). Plaintiffs' counsel's work in this case included:

- investigation of the case
- drafting of the complaint and the amended complaint
- meetings and telephone conferences with the clients to obtain information, keep them apprised of the developments and to discuss settlement
- telephone conferences with the Court
- telephone conferences with opposing counsel
- a settlement conference with opposing counsel
- correspondence with the Court, opposing counsel and the clients (including e-mails)
- drafting of written discovery
- appearing for conferences before the Court
- prolonged settlement discussions, drafting the settlement agreement and resolving the textual issues in the settlement agreement.

Plaintiffs' counsel has over 20 years' experience in wage and hour litigation, has litigated well over 420 cases of this type, a vast majority of them collective and class action cases, has been approved as class counsel in several lawsuits, has conducted class action and individual trials, both bench- and jury-trials, and has several favorable decisions by the Second Circuit to his name.

Plaintiffs' counsel's personnel who worked on this case were: associate Diane Bernard, a graduate of the Cardozo Law School and a pre-admission associate; legal assistant Norma Lopez who has an associate's degree in paralegal studies and over nine (9) years of experience at Plaintiff's law firm; and legal assistant Dorothy Jankowska a graduate of Hunter College with a

DuaneMorris

Magistrate Judge Lois Bloom
March 6, 2017
Page 4

BA in business and marketing, who has mid-level managerial experience in financial institutions, has prepared damages calculations in over seventy-five (75) cases and has testified at trials about damages calculations.

      The proposed settlement agreement additionally includes a mutual general release. Courts in this Circuit have found that mutual general releases in non-class FLSA settlements are fair and reasonable. *Ocasio v. Big Apple Sanitation, Inc.*, 2016 U.S. Dist,. LEXIS 34942 (E.D.N.Y. Mar. 16, 2016); *Man Wai Shiu v. Aluk 888*, 2016 U.S. Dist. LEXIS 55068 (E.D.N.Y. Apr. 21, 2016); *Plizga v. Little Pol. Rest. Inc.*, 2016 U.S. Dist. LEXIS 94859 (S.D.N.Y. Jul. 18, 2016); *Chauca v. Abitino's Pizza 49th St. Corp.*, 2016 U.S. Dist. LEXIS 86206 (S.D.N.Y. June 29, 2016); *Souza v. 65 St. Marks Bistro*, 2015 U.S. Dist. LEXIS 151144 (S.D.N.Y. Nov. 6, 2015). Because Chwalinski is a former employee, Chwalinska alleges she is a former employee, the general release is mutual, and this is not class litigation, the Court should approve the mutual general release provision.

      Thank you for your consideration.

Respectfully,

*/s/ Eric W. Ruden*

Eric W. Ruden

EWR:jb

cc:    Robert Wisniewski (via ECF)

# Exhibit A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is made and entered into by and between Plaintiffs Marcin Chwalinski ("Chwalinski") and Barbara Chwalinska ("Chwalinska") (collectively "Plaintiffs") and Defendants Petro Realty Co. LLC. ("Petro Realty"), Antonios Feggoudakis, LLC[1] and Antonios Feggoudakis (collective "Defendants").

**WHEREAS**, Petro Realty employed Chwalinski from on or about November 2004 to September 2014;

**WHEREAS**, the parties dispute whether Chwalinska was ever an employee of Petro Realty;

**WHEREAS**, Plaintiffs commenced an action against Defendants in the United States District Court, Eastern District of New York, entitled "MARCIN CHWALINSKI AND BARBARA CHWALINSKA v. PETRO REALTY CO. LLC, ANTONIOS FEGGOUDAKIS MANAGEMENT, LLC and ANTONIOS FEGGOUDAKIS", Case No. 15-cv-4815 (the "Action");

**WHEREAS**, Defendants have denied and continue to deny all of Plaintiffs' allegations and have denied and continue to deny that they have any liability to Plaintiffs on any of their claims; and

**WHEREAS**, the parties have reached certain agreements and understandings between them with regard to Plaintiffs' claims against Defendants and Defendants' respective defenses to Plaintiffs' claims, and desire to settle fully and finally any and all claims, disputes and obligations between them that relate to Chwalinski's employment by Petro Realty and Chwalinska's alleged employment by Defendants, in order to avoid the time, effort and expenses involved in litigation.

NOW, THEREFORE, IT IS HEREBY AGREED THAT:

1. **Settlement Payments.** In consideration of the withdrawal of the Action with prejudice by Plaintiffs and the releases and covenants not to sue and other terms and conditions set forth in this Agreement, the Company shall pay Plaintiffs and their attorney the gross sum of Fifty Thousand Dollars and no cents ($50,000.00) (the "Settlement Amount"). The Settlement Amount shall be paid out as follows: (i) a check made payable to "Marcin Chwalinski" in the gross sum of Nine Thousand Six Hundred Thirty-Two Dollars and Ten Cents ($9,632.10), less all required tax withholdings and deductions, to be reported on IRS Form W-2; (ii) a check made payable to "Marcin Chwalinski" in the gross sum of Nine Thousand Six Hundred Thirty-Two Dollars and Twenty-Nine Cents ($9,632.29), representing liquidated and other damages, for which an IRS Form 1099 will be issued to Chwalinski; (iii) a check made payable to "Barbara Chwalinska" in the gross sum of Six Thousand Four Hundred Twenty-One Dollars and Twenty-

---

[1] Antonios Feggoudakis, LLC is incorrectly named Antonios Feggoudakis Management, LLC in the Complaint.

Five Cents ($6,421.25), less all required tax withholdings and deductions, to be reported on IRS Form W-2; (iv) a check made payable to "Barbara Chwalinska" in the gross sum of Six Thousand Four Hundred Twenty-One Dollars and Thirty-Three Cents ($6,421.33), representing liquidated and other damages, for which an IRS Form 1099 will be issued to Chwalinska; and (v) a check made payable to "Robert Wisniewski P.C." in the gross sum of Seventeen Thousand Eight Hundred Ninety-Three Dollars and Three Cents ($17,893.03), which amount shall be dual reported on IRS Forms 1099 to Chwalinski, Chwalinska and their attorney ("Settlement Payments"). The Settlement Amount is fully inclusive of the Company's payment of any and all attorneys' fees and costs incurred by Plaintiffs in connection with the Action or any other matter related to Defendants.

The Settlement Payments shall be remitted fourteen (14) days after the Court approves the Agreement and after Defendants' attorneys have received properly executed W-9s for all payees and a properly executed W-4 for Chwalinska. The Settlement Payments shall be remitted to Plaintiffs' counsel, Robert Wisniewski, Esq., Robert Wisniewski P.C., 225 Broadway, Ste. 1020, New York, NY 10007.

2. **Indemnification for Tax Allocation.** Notwithstanding the Company's obligation regarding payroll taxes, in the event of a determination by a federal, state or local taxing authority that the tax allocation of the liquidated and other damages portion of the Settlement Amount was improper, Plaintiffs shall pay any and all required employee taxes and shall indemnify and hold Defendants and its attorneys harmless from any interest, penalties and costs (including reasonable attorneys' fees) as a result of any claim by the federal, state or local taxing authorities that the tax allocation of the liquidated and other damages portion of the Settlement Amount in Paragraph 1 was improper. In the event of such a determination, Defendants shall be responsible for their own payroll taxes.

3. **Benefits Not Otherwise Entitled To.** Plaintiffs acknowledge that the Settlement Payments specified in Paragraph 1 are provided in addition to and otherwise exceed any payment, benefit or other thing of value to which Plaintiffs might otherwise be legally entitled to receive from Defendants.

4. **Letter Requesting Court Approval of Settlement.** Simultaneously with execution of the Agreement, Plaintiffs' counsel will sign and return to counsel for Defendants a letter requesting Court approval of this Settlement.

5. **Acknowledgement of Full Payment of Employment Based Compensation.** Plaintiffs agree that Defendants have paid to them all of their wages, overtime, bonuses, expenses, severance pay, accrued vacation and holiday pay and all other employee benefits due and owing to then as a result of Chwalinski's employment and Chwalinska's alleged employment with Defendants, as of the date of this Agreement, and that Defendants owe Plaintiffs no other wages, overtime, bonuses, vacation and holiday pay, employee benefits, expenses or other compensation or payments of any kind or nature, other than as provided in this Agreement.

6. **Release by Plaintiffs.** In consideration of the mutual promises and valuable consideration exchanged pursuant to this Agreement, the receipt and adequacy of which are

hereby acknowledged by Plaintiffs, Plaintiffs hereby release and discharge Petro Realty, Antonios Feggoudakis, LLC, Antonios Feggoudakis, and each of their respective present, former and future parents, shareholders, subsidiaries, affiliates, related companies, divisions, directors, trustees, officers, employees, attorneys, heirs, assigns, successors and agents (collectively, the "Company Releasees"), from any and all claims, causes of action, suits, debts, controversies, judgments, decrees, damages, liabilities, covenants, contracts and agreements, regardless of subject matter, whether known or unknown, in law or equity, whether statutory or common law, whether federal, state, local or otherwise, including, but not limited to, any claims relating to, or arising out of any aspect of Chwalinski's employment and Chwalinska's alleged employment with Defendants or their termination thereof, as of the date of his execution of this Agreement, including without limitation:

(a) any and all claims arising under any federal, state, or local labor and employment law statute, including, but not limited to, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 ("ADEA"), the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Civil Rights Act of 1866, the Civil Rights Act of 1991, the Employee Retirement Income Security Act of 1974, the Family Medical Leave Act of 1993, the Fair Labor Standards Act, the Immigration Reform and Control Act of 1986, the New York State Executive Law, the New York Labor Law, the New York City Human Rights Law, and the New York City Administrative Code;

(b) any and all claims arising under common law, including, but not limited to, claims for defamation, libel, slander, false imprisonment, personal injury, invasion of privacy, breach of contract, express or implied contract or covenant of good faith and fair dealing, tort, negligence, or tortious interference with business relations; and

(c) any and all claims for monetary recovery, including, but not limited to, minimum and overtime wages, spread of hours wages, back pay, severance pay, front pay, bonuses, fringe benefits, expenses, liquidated, compensatory and punitive damages, emotional distress, attorneys' fees, disbursements and costs.

To the extent any claim is not releasable, Plaintiffs acknowledge that the payments and consideration received hereunder more than offset any monetary sums owing to Plaintiffs from any non-releasable claim. Nothing herein shall be construed to prohibit Plaintiffs from exercising their rights as specified in Paragraph 8(c) or shall prevent Plaintiffs from enforcing the terms of this Agreement.

7. **Release by Defendants.** In consideration of the mutual promises and valuable consideration exchanged pursuant to this Agreement, Defendants and their heirs, successors, assigns, transferees, and attorneys, past, present, or future (the "Company Releasors") hereby unequivocally and fully release, acquit, and forever discharge Plaintiffs and their respective heirs and executors (hereinafter collectively, the "Plaintiffs Releasees") from any and all claims, suits, debts, liens, liabilities, losses, obligations, promises, costs, fees, attorneys' fees, causes of action, rights, damages, and demands of every kind and description whatsoever, in law or in equity, whether known or unknown, fixed or contingent, suspected, disclosed or undisclosed, or claimed from the beginning of the world through the effective date of this Agreement, including, but not limited to, the claims relating to and set forth in the Lawsuit.

8. **No Suits.**

(a) Plaintiffs further represent that other than the Action and the workers' compensation case filed against Antonios Feggoudakis, LLC by Chwalinski, WCB Case No. G122 1876, they have never commenced or filed and covenant not to commence, file, voluntarily aid or in any way prosecute or cause to be commenced or prosecuted against the Company Releasees, any action, charge, complaint or other proceeding, subject to the provisions of Paragraph 8(c). In the event Plaintiffs file any civil complaint or commences any litigation of any kind that is covered by the release in this Agreement, Plaintiffs shall not be entitled to receive any further consideration hereunder, shall immediately tender back all consideration received under this Agreement theretofore, and shall pay all reasonable attorneys' fees, expenses and costs incurred by the Company Releasees in connection with this Agreement and such complaint or litigation.

(b) In the event Plaintiffs file any civil complaint or commences any litigation of any kind that is covered by the release in this Agreement, Plaintiffs shall immediately tender back all consideration received under this Agreement and pay all of the attorney's fees, expenses and costs incurred by the Company Releasees in connection with the complaint or action filed, provided that this sentence shall not apply to any claim by Plaintiffs that the waiver and release herein of any age discrimination claim was not knowing and voluntary under the ADEA. The Company Releasees shall also have the right of set-off against any obligation to Plaintiffs under this Agreement. In addition to the remedies noted above, the Company Releasees may pursue all other remedies available under law or equity to address Plaintiffs' breach of this Agreement.

(c) Nothing in this Agreement shall be construed to prohibit Plaintiffs from filing a charge with or participating in any investigation or proceeding conducted by the Equal Employment Opportunity Commission, the National Labor Relations Board, the Occupational Safety and Health Administration or other government agency charged with the enforcement of any law. Notwithstanding the foregoing, Plaintiffs agree to waive their right to recover monetary damages or any personal relief (including, but not limited to, reinstatement, back pay, front pay, damages, and attorneys' fees) in connection with any such charge or complaint, as well as with regard to any charge, complaint or lawsuit filed by anyone else on Plaintiffs' behalf, provided this shall not apply to any claims not releasable as a matter of law. Further, the tender back provision in Paragraph 8(b) above shall not apply to any administrative charges or filings referenced in this Paragraph 8(c). To the extent permissible by law, the Settlement Payments will be credited against any sums received by Plaintiffs pursuant to a claim not releasable as a matter of law.

9. **Knowing and Voluntary Waiver.** Notwithstanding any other provision of this Agreement to the contrary:

(a) Plaintiffs agree that this Agreement constitutes a knowing and voluntary waiver of all rights or claims Plaintiffs may have against the Company Releasees.

(b) Defendants hereby advise Plaintiffs of their right to consult with an attorney prior to executing the Agreement. Plaintiffs acknowledge that she has been given a period of at least twenty-one (21) days in which to consider the Agreement. If Plaintiffs execute

4

the Agreement at any time prior to the end of the twenty-one (21) day period that Defendants gave them in which to consider the Agreement, such early execution was a knowing and voluntary waiver of Plaintiffs' right to consider the Agreement for least twenty-one (21) days. Plaintiffs have a period of seven (7) days following execution of the Agreement to revoke the Agreement after they sign it by providing a letter to Defendants' counsel, Eric W. Ruden, Esq., Duane Morris, LLP, 1540 Broadway, New York, NY 10036, stating their intent to revoke the Agreement. The Agreement shall become effective on the eighth day after Plaintiffs execute this Agreement unless Plaintiffs revokes it prior thereto (the "Effective Date").

(c) Plaintiffs' acceptance of the Settlement Payments specified in Paragraph 1 at any time subsequent to seven (7) days after Plaintiffs' execution of the Agreement, shall constitute an admission by Plaintiffs that they did not revoke the Agreement during the revocation period of seven (7) days, and shall further constitute an admission by Plaintiffs that the Agreement has become effective and enforceable.

10. **Non-Admission of Wrongdoing.** This Agreement shall not in any way be construed as an admission of liability by the Company Releasees of any wage violation, discrimination, harassment, unlawful conduct, or any other wrongful acts whatsoever, against Plaintiffs or any other person.

11. **Non-Disparagement.** Plaintiffs agree that they will not, whether directly or indirectly, make any disparaging remarks about any of the Company Releasees, their business or personal practices, operations or properties, except as may be required by law. Nothing in this Paragraph 11 shall be construed to prohibit Plaintiffs from exercising their rights as specified in Paragraph 8(c).

12. **References.** The Company agrees that upon a reference request by Chwalinski or a future employer, the Company will only confirm Chwalinski's dates of employment, position held, and his rate of pay.

13. **Notice.** Any notices required hereunder shall be sent to the parties by first class mail or any other delivery mechanism (including federal express, fax and email) provided the party can demonstrate proof of receipt. Notices to Plaintiffs shall be sent to Plaintiffs' counsel, Robert Wisniewski, Esq., Robert Wisniewski, P.C., 225 Broadway, Suite 1020, New York, NY 10007, Telephone No. (212) 267-2101, Fax No. (212) 587-8115). Notices to Defendants shall be sent to Defendants' counsel, Eric W. Ruden, Esq., Duane Morris LLP, 1540 Broadway, New York, NY 10036, Telephone No. (212) 471-1893, Fax No. (212) 202-5077. The Parties are obligated to advise their counsel of any change of address or telephone numbers and counsel for the Parties are obligated to inform each other and their clients of the change of address of their offices or telephone numbers.

14. **Entire Contract/Modification.** This Agreement sets forth the entire agreement among the parties hereto and supersedes in its entirety any and all prior agreements, understandings or representations relating to the subject matter hereof and may not be modified orally. The parties hereto represent that in executing this Agreement, they do not rely on any statement or fact not set forth herein. This Agreement may be executed in counterparts and

facsimile signatures will have the same force and effect as originals. This Agreement may not be modified except by a writing signed by all parties hereto.

15. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Any action to enforce this Agreement shall be commenced within a court of appropriate jurisdiction within the State of New York, in the County of New York.

16. **Breach.** Should either party seek to enforce the terms of this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs of litigation, including any appeal or collection proceeding. In the event Defendants do not timely issue the Settlement Payments, Plaintiffs shall additionally be entitled to interest. Regardless of and in addition to any right to damages, the non-breaching party or parties shall be entitled to immediate injunctive relief without the need to post a bond.

17. **Acknowledgement.** Plaintiffs expressly acknowledge and represent that they have carefully read this Agreement; that they fully understand the terms, conditions and significance of this Agreement; that Defendants advised them of their right to consult with an attorney concerning this Agreement; that they have consulted with their attorney, Robert Wisniewski, Esq., who has represented then in the Action and throughout the settlement negotiation process; that they were given a reasonable period of time of at least 21 days to review this Agreement with their attorney; and that they have executed this Agreement voluntarily, knowingly and with such advice of their attorney as they have deemed appropriate.

18. **Headings.** The headings contained herein are for convenience of reference only and are not intended to define, limit, expand or describe the scope or intent of any provision of this Settlement Agreement.

**WHEREFORE**, the Parties hereto have agreed and accepted this Settlement Agreement as of the date indicated below.

**AGREED AND ACCEPTED:**

_Marcin Chwalinski_      _03/03/2017_
**MARCIN CHWALINSKI**      Date

_____      _____
**BARBARA CHWALINSKA**      Date

6

DM2\7454337.5

facsimile signatures will have the same force and effect as originals. This Agreement may not be modified except by a writing signed by all parties hereto.

**15. Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Any action to enforce this Agreement shall be commenced within a court of appropriate jurisdiction within the State of New York, in the County of New York.

**16. Breach.** Should either party seek to enforce the terms of this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs of litigation, including any appeal or collection proceeding. In the event Defendants do not timely issue the Settlement Payments, Plaintiffs shall additionally be entitled to interest. Regardless of and in addition to any right to damages, the non-breaching party or parties shall be entitled to immediate injunctive relief without the need to post a bond.

**17. Acknowledgement.** Plaintiffs expressly acknowledge and represent that they have carefully read this Agreement; that they fully understand the terms, conditions and significance of this Agreement; that Defendants advised them of their right to consult with an attorney concerning this Agreement; that they have consulted with their attorney, Robert Wisniewski, Esq., who has represented then in the Action and throughout the settlement negotiation process; that they were given a reasonable period of time of at least 21 days to review this Agreement with their attorney; and that they have executed this Agreement voluntarily, knowingly and with such advice of their attorney as they have deemed appropriate.

**18. Headings.** The headings contained herein are for convenience of reference only and are not intended to define, limit, expand or describe the scope or intent of any provision of this Settlement Agreement.

**WHEREFORE**, the Parties hereto have agreed and accepted this Settlement Agreement as of the date indicated below.

**AGREED AND ACCEPTED:**

_____  _____
**MARCIN CHWALINSKI**            Date

*Chwalinska* (signature)         3/3/2017
**BARBARA CHWALINSKA**           Date

**PETRO REALTY CO. LLC**

BY: _____   2/28/17
Print Name: Antonios Feggoudakis   Date
Title: Owner

**ANTONIOS FEGGOUDAKIS, LLC**

BY: _____   2/28/17
Print Name: Antonios Feggoudakis   Date
Title: Owner

_____   2/28/17
**ANTONIOS FEGGOUDAKIS**   Date

7

DM2\7454337.5